Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 5206 | **DATE** | December 15, 2011 |
| **CASE TITLE** | ARROWOOD INDEM. CO. v. ASSURECARE CORP. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Plaintiff/Counterclaim Defendant Arrowood's Motion to Dismiss [29].

■[For further detail see below.]        Docketing to mail notice.

## STATEMENT

This case concerns a reinsurance agreement between the Plaintiff Arrowood Indemnity Company and Defendant Assurecare Corporation.

Arrowood provided liability insurance for a nursing home, Greenwood Terrace. In 2001, a man named Joseph Mark died while he was a resident of that facility. Mark's family filed a lawsuit against Greenwood seeking damages. Arrowood defended Greenwood in that lawsuit. But, when the case settled for $1,750,000, Arrowood was only willing to provide coverage for $1,000,000 of the settlement amount.

Greenwood sued Arrowood to recover the remaining $750,000. Arrowood's defense was that the $750,000 claim was not covered by, or was excluded under, Greenwood's policy. On January 4, 2011, Greenwood and Arrowood executed a settlement agreement, pursuant to which Arrowood paid Greenwood $325,000.

On March 10, 2011, Arrowood billed its re-insurer Assurecare $580,484.65 for losses associated with the Greenwood litigation. Assurecare refused to pay, and Arrowood filed this lawsuit against Assurecare to recover the full loss amount.

The parties' agreement provides that Arrowood may utilize Letters of Credit provided by Assurecare to, among other things, "reimburse (Arrowood) for the (Assurecare's) Obligations, the payment of which is due under the terms of this Contract and which has not been otherwise paid." (Docket No. 21 at 11.) Shortly before filing this suit, Arrowood drew $361,518 from an Assurecare Letter of Credit. Assurecare contends that the withdrawal was unauthorized by the parties' agreement. Assurecare has brought counterclaims



seeking repayment of that draw amount, including claims for breach of contract, conversion, fraud, unjust enrichment, declaratory judgment, and negligence.

Arrowood now seeks an order form this Court dismissing the fraud and unjust enrichment counterclaims under Federal Rule of Civil Procedure 12(b)(6).

The parties first disagree about whether Illinois or Connecticut law applies. Arrowood argues that Connecticut law applies because the parties' agreement contains a choice of law provision naming Connecticut as the governing law. Assurecare argues that Connecticut law cannot apply because (1) that state bears no reasonable relationship to the parties or transaction, and (2) the fraud and unjust enrichment claims sound in tort, rather than contract, and are therefore outside the contract's choice of law provision.

The Court finds that Connecticut law applies. First, contrary to Assurecare's contention, Connecticut does bear a reasonable relationship to the parties and transaction in this case. Arrowood's predecessor in interest, Royal Surplus Lines Insurance Company, was located in Farmington, Connecticut at the time the parties executed their agreement. (Docket No. 30-1.) Thus, the choice of law provision is not so arbitrary to render it unenforceable. *Potomac Leasing Co. v. Chick's Pub, Inc*, 156 Ill. App. 3d 755, 760 (2nd Dist. 1987) (the purpose of the reasonable relationship test is to "to preclude parties from arbitrarily selecting the laws of some jurisdiction which has no relation to the matter in controversy").

Second, the Court finds that the choice of law provision is broad enough to govern the fraud and unjust enrichment claims. Claims that do not sound in contract but are nonetheless *dependant upon* a contract are subject to the contract's choice of law provision. *Doty v. Stoecker,* 697 F. Supp. 1016, 1020 (N.D. Ill. 1988). In conducting that analysis, courts examine whether the action alleges a wrong based upon interpretation and construction of the contract, or whether the claim alleges elements constituting an independent tort. *Am. Builders & Contractors Supply Co. v. Home Ins. Co.,* No. 96 C 5041, 1997 WL 43017, at *1 (N.D. Ill. Jan. 28, 1997). In this case, both Assurecare's fraud and unjust enrichment claims allege wrongs based on interpretations of the contract. For example, in alleging fraud, Assurecare states that "Arrowood implicitly represented that the Letter of Credit was being drawn upon for one or more of the purposes specified in Article XXII" of the contract. (Docket No. 21 at 14.) Similarly, in its unjust enrichment claim, Assurecare alleges that Arrowood received funds "to which it was not entitled" (Docket No. 21 at 15); that element cannot be proved without reference to the contract. Thus, because the claims in question are dependant upon the contract, the Court will apply Connecticut law to Arrowood's Motion to Dismiss.

Arrowood first moves to dismiss Assurecare's counterclaim for fraud. In response to Arrowood's Motion, Assurecare abandons its fraud claim and instead urges the Court to find that its fraud allegations are sufficient to state a claim for tortious interference with business relations. (Resp. at 7.) To state a claim for tortious interference with business relations under Connecticut law, a plaintiff must allege the following elements: (1) a contract or beneficial relationship existed between the plaintiff and a third party; (2) the defendant had knowledge of that relationship; (3) the defendant intentionally sought to interfere with the relationship by engaging in fraud or misrepresentation; and (4) the defendant's interference caused the plaintiff to suffer actual loss. *Boulevard Assoc. v. Sovereign Hotels, Inc.*, 852 F. Supp. 127, 132 (D. Conn. 1994). Assurecare essentially argues that when Arrowood went to U.S. Bank to draw on the letter of credit, that conduct interfered with Assurecare's relationship with U.S. Bank. Assurecare fails, however, to plead facts from which the Court might infer that Arrowood intended to interfere with that relationship, or that Arrowood's conduct actually interfered with that relationship. Arrowood's draw on the letter of credit is alleged to have been a breach of contract between Arrowood and Assurecare, but it is not alleged to have had any effect on the contractual relationship between U.S. Bank and Arrowood. Thus, Assurecare's fraud allegations are insufficient to state a claim for tortious interference with business relations.

Arrowood also moves to dismiss Assurecare's unjust enrichment claim on the grounds that the existence of a valid, enforceable contract governing the dispute precludes Assurecare's claim. Assurecare argues in response that its unjust enrichment claim relates to improper conduct under that Letter of Credit rather than improper conduct under the parties' agreement. In support of that argument, Assurecare cites cases relating to the independence of Letters of Credit from underlying contracts. Those cases, however, involve claims between the issuing bank and the beneficiary or applicant of a letter of credit, not between the parties to the underlying contract. In this case, the only two litigants before the Court are parties to the underlying contract. Moreover, that contract clearly governs the conditions under which Arrowood could draw on the Letter of Credit. Assurecare does not allege that the contract is invalid or unenforceable. Thus, this case fits squarely within Georgia law requiring rejection of an unjust enrichment claim in the face of a contractual remedy. *Gagne v. Vaccaro,* 255 Conn. 390, 401 (2001)("lack of a remedy under the contract is a precondition for recovery based upon unjust enrichment").

For the foregoing reasons, Arrowood's Motion to Dismiss is GRANTED.

*Wm. J. Hibbler*